**STATE ex rel. SHORT v. CALLAHAN et al.**

No. 14409—Opinion Filed Nov. 20, 1923.

Rehearing Denied Jan. 15, 1924.

(Syllabus.)

**1. Municipal Corporations — Charters — Effect to Supersede Statutes.**

A city charter, when adopted by the people and approved by the Governor pursuant to section 329, art. 18, Williams' Constitution, becomes the organic law of the city and the provisions of the charter supersede all laws of the state in conflict with such charter provisions in so far as such laws relate to purely municipal matters.

**2. Same.**

The purpose of this constitutional provision is to emancipate the municipal governments of cities containing a population of more than 2,000 inhabitants from the control formerly exercised over them by the Legislature.

**3. Same — Election of Officers.**

The nomination and election of municipal officers is a matter of purely municipal concern, which may be provided for by the charter of a self-governing city, adopted pursuant to section 329, art. 18, Williams' Constitution.

**4. Same.**

Neither the directions to the Legislature contained in section 5, art. 3, Williams' Constitution, nor the legislation vitalizing the constitutional mandate, constitute any limitation upon the power granted the self-governing cities of the state by section 329, art. 18, Williams' Constitution.

**5. Same — Statutes.**

The part of section 5, art. 3, Williams' Constitution, which directs the Legislature to enact laws for the mandatory primary system in all elections for municipal officers for all political parties relates to elections held in the cities, towns, and villages of the state containing less than 2,000 inhabitants and such of the self-governing cities as have not adopted a charter or, having adopted a charter, have not provided therein for the nomination and election of purely municipal officers; and the subsequent legislation passed for the purpose of vitalizing this section operates only within this sphere.

**6. Dismissal of Cause.**

For the reasons stated, the demurrer to plaintiff's petition must be sustained and the action dismissed.

Original action by the State, on the relation of George F. Short. Attorney General, against O. P. Callahan and others. Dismissed.

George F. Short, Atty. Gen., M. W. McKenzie, Asst. Atty. Gen., Thos. H. Owen, and Snyder, Owen, & Lybrand, for the plaintiff.

England & Duvall, J. Q. Louthan, S. W. Hayes, and L. L. Cowley, for the defendants.

KANE, J. This is a original action in quo warranto commenced by the Attorney General for the purpose of testing the right of the defendants to hold the office of the city commissioner of the city of Ponca City, to which they were duly nominated and elected pursuant to the provisions of the charter adopted by the people of the municipality.

It appears that the charter contains no provision for a partisan mandatory primary and that the defendants were nominated and elected under section 122 of the charter of the city of Ponca City, which provides as follows:

"On the third Tuesday after the charter shall take effect, at an election to be called by the mayor for that purpose, there shall be elected a mayor and two commissioners, who together shall compose the board of commissioners, and who shall serve the term provided in section 50 of this charter; and a mayor or commissioners shall annually be elected thereafter as provided in said section. Any qualified elector of the city may become a candidate for any of said offices to be filled by filing with the city clerk, not less than ten nor more than 20 days next preceding the date of the election, his written request to be placed upon the official ballot. The city clerk shall prepare an official ballot in accordance with such requests and with the provisions hereof, and only such official ballot shall be used at such election. The candidate for any office to be filled receiving the highest number of votes cast for such office shall be declared elected to said office."

The petition, after setting forth the facts in extenso, alleges in substance that the nomination and election of the defendants is void because they were not nominated by the mandatory primary system. The defendants have filed a demurrer to the petition upon the following grounds: (1) There is no statute in force in this state which commands that officers for cities incorporated under special charters shall be nominated for election by primary, notwithstanding charter provisions of such cities provide for other methods of nomination. (2) If there be such statutes requiring candidates for offices of cities incorporated under special charters be nominated by primary election, notwithstanding charters of such cities provide for and require their nomination and election by other methods, such statutes do not affect cities operating under a charter form of government. The action was commenced on the theory that section 5, art. 3. Williams' Constitution, and subsequent legislation enacted for the purpose of vitalizing the same, clearly show that it was the intention of the framers of the Constitution that the voters in nominating all candidates in all elections for state, district, county, and municipal officers shall have the privilege of exercising their choice through a mandatory primary system, through political parties. That, in view of this, the manner of nominating candidates for city offices is a matter of such state concern that where there is a conflict between the provisions of the charter of a self-governed city and the statutory law of the state vitalizing the constitutional mandate, the former must give way to the latter. This, we think, states a correct general principle of the law, but we do not think it is entirely applicable to the case under consideration. The constitutional provision which it is claimed makes the partisan primary system a matter of state concern (section 5, art. 3, supra) reads as follows:

"The Legislature shall enact laws providing for the mandatory primary system, which shall provide for the nomination of all candidates in all elections for state, district, county, and municipal officers for all political parties. * * *"

The first Legislature immediately after statehood and several subsequent Legislatures sought to give effect to this constitutional mandate. Several of these acts of the Legislature have been called to our attention, but, in the view we take of the law, the case does not turn so much upon the construction to be placed upon these provisions as it does upon the settled construction which this court has placed upon

that part of section 329, art. 18, Williams' Constitution, which provides as follows:

"Any city containing a population of more than 2,000 inhabitants may frame a charter for its own government, consistent with and subject to the Constitution and laws of this state."

Since the early case of State ex rel. v. Scales, 21 Okla. 683, 97 Pac. 584, down to and including the late case of Hinz, Commissioner of Public Affairs and Safety, v. Hubbard et al., City Commissioners, 95 Okla. 164, 216 Pac. 440, this court, has uniformly held that:

"A city charter when adopted by the people and approved by the Governor, pursuant to section 329, art. 18, Williams' Constitution, becomes the organic law of the city and the provisions of the charter supersede all laws of the state in conflict with such charter provisions in so far as such laws relate to purely municipal matters."

So in its last analysis the question for determination is whether the mandatory primary system for the nomination of elective officers is a matter of such grave state concern that it cannot be dispensed with and another method adopted by charter in nominating and electing the purely municipal officers of a self-governing city. Counsel for the plaintiff perceive in section 5, art. 3, Williams' Constitution, supra, and the subsequent acts of the Legislature, the purpose of making the mandatory primary system a matter of state concern and extending, notwithstanding charter provisions to the contrary, its operation to the self-governing cities of the state. We cannot follow counsel to this length. We concede that it was the purpose of the framers of the Constitution to extend the primary mandatory system throughout the state in so far as this could be accomplished without infringing upon or limiting the direct and positive constitutional grant of power to the class of cities mentioned in section 329, art. 18, Williams' Constitution, supra, to wit: Cities containing a population of more than 2,000 inhabitants, the Constitution provides, may frame a charter for their own government.

It has been held that the purpose of this constitutional provision is to emancipate the municipal governments of cities containing a population of more than 2,000 inhabitants from the control formerly exercised over them by the Legislature; and that a city charter adopted pursuant to this provision becomes the written constitution of the municipality. In re Initiative Petition on Proposed Charter for City of Okmulgee, 89 Okla. 134, 214 Pac. 186.

It being definitely settled, as we have seen, by a long line of decisions that a city charter when adopted by the people and approved by the Governor, pursuant to section 329, art. 18, Williams' Constitution, becomes the organic law of the city and that the provisions of the charter supersede all laws of the state in conflict with such charter provisions in so far as such laws relate to purely municipal matters, it cannot be presumed, in view of this provision of the Constitution and the construction placed upon it by the courts, that the framers of the Constitution intended that the direction to the Legislature contained in section 5, art. 3, supra, should infringe upon or limit the specific grant of power to the self-governing cities of the state. There can be no doubt whatever that the right of charter cities to govern themselves, in purely municipal affairs, is a matter of state concern. The right is specifically provided for and safeguarded by the Constitution itself, and we perceive no purpose in any other provision of the Constitution or any constitutional direction to the Legislature to place any limitations whatever upon this right. Under these circumstances, section 5, art. 3, supra, must be construed to have reference to elections held in cities, towns, and villages of the state containing less than 2,000 inhabitants and such of the self-governing cities as have not adopted a charter or, having adopted a charter, have not provided therein for the nomination and election of purely municipal officers; and the subsequent legislation passed for the purpose of vitalizing this section operates only within this sphere. Nor is there anything in any of these legislative actions which indicates to our mind that the Legislature intended that they should operate beyond the zone just outlined.

Section 4369, Comp. Stat. 1921, which provides for general elections in cities of the first class and in incorporated towns and villages and the time for and the manner of holding the same, contains a proviso which specifically provides that the provisions of this act shall not apply to cities operating under charters adopted pursuant to the provisions of the Constitution. It is true that sections 4382 and 4383 of the same act provide in general terms that no candidate's name shall be printed upon the official ballot for any city or town election unless such candidates shall have been nominated by some political party or his name is presented as an independent candidate, and that each city, or town, shall, on the third Tuesday in March in each year in which a municipal election is to be held, hold a primary election at each of its precincts, etc.; but, although these two sections are couched in general language, we think it is fairly obvious, in view of the constitutional grant of power to charter cities and the construction placed upon the constitutional provisions by this court and the proviso contained in section 4369, supra, that the two sections have reference to the elections in cities, towns, and villages provided for in section 4369 of the same act, and not to city elections held at another time and in a different manner, pursuant to the provisions of a charter duly adopted by the inhabitants of the city in strict accordance with the constitutional grant of power.

For the reasons stated, the demurrer to plaintiff's petition must be sustained and the action dismissed. It is so ordered.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.