## CITY OF WEWOKA v. RODMAN.

No. 25761. April 16, 1935.

Rehearing Denied June 18, 1935.

R. J. Roberts, for plaintiff in error.

A. M. Fowler, for defendant in error.

PER CURIAM. Carl Rodman was assistant chief of the fire department of Wewoka. Being removed from office he continued to present salary claims to the city, and these being rejected brought action against the city on the theory that his removal was illegal. Judgment went in his favor, and the city brings error.

The major question is whether the state statutes relating to the removal of firemen apply to the city of Wewoka, which is a freeholder charter city. Rodman claims that he was removed without cause in violation of the statutes of the state. The principle of demarcation governing the power of the Legislature over cities having a freeholder charter is definite and clear. The city has full legislative power over matters that are purely municipal; the Legislature is supreme as to matters of general concern. The distinction between governmental and nongovernmental powers found in many old cases was drawn in the attempt, prior to the freeholder charters, to give a measure of self-government to municipalities. The distinction has never been regarded of importance in the case of a freeholder charter city; there the question has shifted to whether the power is purely municipal, or whether there is a wider public interest. Where the power is purely municipal the state has no control, even though the power be governmental in character. The law is clear that the control of a freeholder charter city over the personnel of its fire department is solely a matter of municipal concern, and hence not subject to legislative control. State v. Callahan, 96 Okla. 276, 221 P. 718; Hinz v. Hubbard, 95 Okla. 164, 216 P. 440; Klench v. Board (Cal.)

249 P. 46; City of Lexington v. Thompson, 113 Ky. 540, 68 S. W. 477; Davidson v. Hine, 151 Mich. 294, 115 N. W. 246.

This would be the end of the matter were it not for the language contained in the Wewoka charter. Like so many of the charters in the state, it uses language indicating that the statutes of the state have a bearing. If a city desires to incorporate by reference in its charter all the existing statutes of the state, we suppose it may do so; perhaps it may even adopt a charter with a movable content by adopting all statutes present or prospective, though the validity of such an idle gesture would be more doubtful. Sufficient for the present case is the fact that Wewoka did neither. In so far as the present case is concerned the charter merely provided:

"Said Commissioner of police shall also have full and exclusive charge of all the equipment of said city of Wewoka to be used to prevent and extinguish fire; also the right to fix the qualifications for and to employ and discharge such men as members of the fire department of the city of Wewoka as he shall see fit, **restrained only by the laws of the state of Oklahoma,** this charter and the ordinances and resolutions of said city.

The question is one of interpretation— What does this provision of the charter mean, particularly the part we have emphasized? But we do not think we can safely isolate the one provision of the charter. In determining the meaning of the one provision we gain enlightenment from the formulas of words used in other parts of the charter. Running over it we find numerous powers followed by the expression that they shall be "restrained" by the laws of the state. Ordinances are not to be "inconsistent" with the Constitution and laws of the state. In various parts certain concrete powers as to purely municipal affairs, granted as "restrained" by the laws of the state, are in direct opposition to the statutes. Both cannot stand. Thus, in the section above quoted, the concrete right granted the commissioner "to fix the qualifications for and to employ and discharge such men as members of the fire department as he shall see fit," is in direct opposition to the statutes. Thus, by Stat. 1931, sec. 6082, fire chiefs are to be appointed by the mayor "by and with the consent of the city council." By section 6083 the chief must have "at least three years' actual experience as a paid fireman." By section 6084, firemen are to be appointed by the mayor "by and with the consent of the city council." By section 6085:

"The chief and members of all paid fire departments appointed hereunder shall hold their respective positions unless removed for good and sufficient cause."

The opposition between the provisions of the charter and the statutes is clear. And in determining which is the law for Wewoka, we are required to determine as best we may the intention of the people of Wewoka when they adopted the charter. Walton v. Donnelly, 83 Okla. 233, 201 P. 367. It would be an exceedingly strange thing for a city engaged in the attempt to acquire the right to determine its purely municipal affairs, to intend that the state law should apply to such affairs. It would be entirely rational for such a city, in the excess of caution, to insert phrases like those found in the Wewoka charter, merely to negative any notion that the city was claiming powers beyond the self rule authorized by the Constitution. It is probable that the framers of the charter, in view of Const. art. 18, sec. 3(a), requiring charters to be "consistent with and subject to the Constitution and laws of this state," merely intended to adopt a charter strictly in accord with the constitutional authorization.

We believe that the charter should be construed in accordance with the well-settled construction of the authorizing provision of the Constitution, remembering that "subject to," "restrained by," and "consistent with," in this connection, have identical meanings. In the leading case of Lackey v. State, 29 Okla. 255, 116 P. 913, the contention was made that the constitutional requirement that the charter should be "consistent with and subject to the Constitution and laws of the state" rendered invalid every provision of the charter in conflict with any statute of the state, whether pertaining to the general affairs of the state, or to matters purely municipal. This court refused to accept this interpretation, and held that the intention was not to require the charter to conform to every statutory provision, but only to those that were not confined to purely municipal affairs.

The principle so announced has never been departed from, and applies with equal force to the interpretation of the Wewoka charter. We conclude that the intent of the charter provision in question was the same as that of the Constitution, to wit, to make the provision in question subject to any provision of the state law that goes beyond purely municipal affairs. To go fur

ther than this and say that it was the intention to make all state statutes apply, would convict the city of the absurdity of granting certain powers to the police commissioner, and at the same time making the exercise of such powers illegal. It would be a wild stretch of credulity to believe that the city, in attempting to gain the power of self-government, intended to subject the exercise of such newly acquired powers to legislative control.

The adoption of a freeholder charter immediately supersedes all state laws in conflict therewith, as to purely municipal affairs. Oliver v. Pickett, 79 Okla. 315, 193 P. 526; Walton v. Donnelly, 83 Okla. 233, 201 P. 367; Coruth v. State, 101 Okla. 93, 223 P. 186. The adoption of the charter repeals all such laws that conflict with the charter. Berry v. McCormick, 91 Okla. 211, 217 P. 392. It follows that the moment the charter is adopted, state laws as to purely municipal affairs that conflict with the charter are no longer state laws as to the particular locality. We think a charter clause making the charter, or any part of it, subject to state law, is limited to the laws of the state that by their own force are operating upon the city. We conclude that the right to remove members of the Wewoka fire department is governed by the specific provisions of the charter, and not by state law.

If a state statute relating to purely municipal affairs is intended by a city adopting a freeholder charter to apply to the city, we think the charter should clearly and unequivocally show such intent, for such a statute cannot operate as state law, but merely as part of the charter. Such intent does not so appear in the Wewoka charter. And even if it did, it would not change the result in the instant case. Where a charter provision gives certain concrete powers with the further provision that such powers shall be "restrained only by the laws of the state," it is certain that the restraining clause is of the most general character. Thus the charter presents the usual situation of a legislative enactment containing general and concrete provisions. The rule of interpretation is definite and certain; the concrete provision will prevail over the general portion. Watts v. State, 77 Okla. 199, 187 P. 797; Walton v. Donnelly, 83 Okla. 233, 201 P. 367.

We have proceeded upon the assumption that the removal of Rodman was illegal if controlled by the state law. But was it? Statutes 1931, sec. 6085, prohibits the removal of firemen except for "good and sufficient cause." This seems all there is to the state law; we have found no law defining cause, or making provision for hearing. So if the question were one of state law, it would depend upon whether there was sufficient cause for the removal.

Good and sufficient cause is not limited to the misconduct or inadequacy of the employee. In the instant case the chief of the fire department had resigned. Rodman, who had not been employed for a definite time, was notified by Mr. Carver, the mayor and police commissioner, that his employment under the old arrangement was at an end. He was told that for further consideration he should see the new chief and the latter was named in the letter. Rodman was informed that it was the policy of the mayor to allow the chief to select his own men, subject to the approval of the mayor. It is a policy that appeals to us as wise. A city fire department is not a charitable institution. It has duties demanding a discipline and loyalty that are better secured by allowing the chief to select his own men than by any civil service scheme. We believe that the removal in the instant case was for "good and sufficient cause" found in the tendency of the policy of the mayor to give a more efficient and better disciplined fire department. See State v. Brenner, 171 Okla. 320, 42 P. (2d) 823.

The judgment of the trial court is reversed, with directions to render judgment for the city, the plaintiff in error herein.

The Supreme Court acknowledges the aid of Attorneys Henry M. Gray, Samuel H. Glassmire, and John T. Harley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gray and approved by Mr. Glassmire and Mr. Harley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.