STATE OF RHODE ISLAND *ex rel.* JOSEPH F. FLYNN *vs.*
LOUIS F. McCAUGHEY *et al.*
STATE OF RHODE ISLAND *ex rel.* WILLIAM T. NYSTROM
*vs.* SAME.
STATE OF RHODE ISLAND *ex rel.* JOHN J. McNAUGHT
*vs.* SAME.

OCTOBER 2, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

PER CURIAM. These petitions for mandamus seek to compel the respondents, as they constitute the board of canvassers of the city of Pawtucket, to certify petitioners' "nomination petitions" as candidates for municipal offices to be voted on at a nonpartisan primary election, which they claim the respondents must call and conduct on Tuesday, October 6, 1953, in accordance with the provisions of the home rule charter adopted by that city under article XXVIII of amendments to the constitution of this state. They also pray that the respondents be ordered further to take all steps necessary to hold and conduct on November 3, 1953 on a nonpartisan basis as provided by said charter the municipal election for various offices from the candidates nominated at such primary. The cases are here on citations issued by this court whereby petitioners were given leave to show cause why the writs of mandamus should be issued to compel the respondents to act in relation to such nomination petitions, primary, and subsequent election as prayed for in the instant petitions for mandamus.

The cases were heard together, since all are determinable on the same facts, which are not denied, and on the same question of constitutional law. It is agreed by the parties that the controlling question in the instant litigated cases is essentially the same as that which was propounded to the justices of this court by the house of representatives of this state and which was discussed and answered in the *Opinion to the House of Representatives*, 80 R. I. 288, 96 A.2d 627. It is further agreed by the parties that all questions as to pleadings, evidence and related matters have been waived, and that the cases should be decided as if the writs had issued and the pleadings had been closed, thereby raising only one question of law as argued in the briefs. In the circumstances, therefore, it is recognized by all parties that these petitions, although presenting litigated cases, in prac-

tical effect amount to petitions for leave to reargue the question of law discussed and answered in the above-mentioned advisory opinion.

The petitioners claim in substance that in such advisory opinion we misconceived or misinterpreted the real scope and meaning of article XXVIII of the amendments to the constitution of this state, the so-called home rule amendment; that we gave too narrow an interpretation to the provisions thereof; and that, especially in the light of certain cases from other jurisdictions, hereinafter referred to, we should re-examine the question and the provisions of our constitution and hold that said article XXVIII of the amendments constitutes an express general grant of power to the city to adopt a home rule charter under which the city may provide for and control the manner of nominating candidates and conducting elections in that city regardless of other provisions of the constitution or of the general election law, at least to the extent of validly providing for nominations of candidates and for a primary and an election for municipal government on a nonpartisan basis and on a date or dates different from the day provided by the general assembly for such nominations and election.

The parties are all represented by able counsel who have filed comprehensive briefs and have orally argued their respective views before this court on a day especially assigned for that purpose. We have carefully examined such briefs and arguments and have re-examined our advisory opinion, the pertinent provisions of the constitution, and the underlying question of law. After such further and careful reconsideration, we have reached the following conclusions.

(1) The issue before this court in the instant cases is not to be determined by considerations relating to the political merits of the home rule amendment or the charter, nor by the practical effects that petitioners claim might follow an adverse decision of these cases. Any problem or difficulty in such aspects is not of the court's creation and in these

circumstances is not a proper consideration for this court's determination. Here, as in the advisory opinion, the duty of the court is to answer the question or issue by determining the legal effect to be given the pertinent provisions of our constitution as they were written and approved.

(2) The briefs and arguments have suggested no provision of our constitution nor any well-established principle of constitutional law which was not considered by us when we reached the conclusions stated in our advisory opinion to the same question of law which was propounded by the house of representatives.

(3) The only new matter presented in this respect is the citation of the following cases: *Fitzgerald* v. *City of Cleveland,* 88 Ohio St. 338; *State ex rel. Taylor* v. *French,* 96 Ohio St. 172; *State ex rel. Frankenstein* v. *Hillenbrand,* 100 Ohio St. 339; *State ex rel. Hackley* v. *Edmonds,* 150 Ohio St. 203; *State ex rel. Short* v. *Callahan,* 96 Okla. 276; *Strode* v. *Sullivan,* 72 Ariz. 360. It is argued therefrom that such cases represent a better, if not more reasonable, interpretation of allegedly similar home rule amendments, and therefore should be accepted by us as authority to support conclusions different from those expressed in our advisory opinion to the house of representatives.

The constitutional provisions in the above-cited cases do not contain the precise language in which article XXVIII of the amendments to our constitution makes the grant of power to local governments. None of such cases had to be considered in the light of an express provision of a constitution such as article IV, section 10, of the constitution and as article XXIX of the amendments to the constitution of this state. The grants of general power relied on in those cases are specific and general grants of power to the local government and are not conditioned or restricted in that regard by other terms or provisions appearing in the same article and elsewhere in the constitution as here. In our judgment, therefore, they are not pertinent and do not provide parallel cases. The instant cases must be decided in accordance with

the particular language of our own constitution and its amendments, having in mind too the general election law and the unbroken historical practice under the constitution in connection with elections in this state.

(4) Finally nothing in the briefs or arguments of petitioners convinces us that we overlooked or misconceived any provision of our constitution, or any principle of constitutional law, or the proper meaning, scope and application to be given to the provisions of article XXVIII of the amendments to the constitution of this state. This is especially true when such article is considered in the light of its own restrictions and of the unequivocal and express provisions of article XXIX of the amendments to our constitution, which was adopted at the same time, and which expressly reserves the "full power" over elections to the general assembly, where such power always has existed under article IV, section 10, of the constitution.

For these reasons we expressly reaffirm in these litigated cases the conclusions as enunciated in the above-mentioned advisory opinion. Accordingly we are of the opinion that the petitioners have not shown cause why these petitions should be granted. In view of such determination, it will be unnecessary to file any further opinion herein.

The petition in each case is denied and dismissed.

*Corcoran, Foley & Flynn, Joseph F. Flynn, James M. Shannahan, Jeremiah J. Gorin, Herman D. Ferrara, Jefferson B. Fordham,* of Philadelphia, Pa., for petitioners.

*J. Frederick Murphy,* City Solicitor, *Raymond F. Henderson, Paul B. McMahon, Raymond E. Jordan,* for respondents.