**NEWPORT NEWS FIRE FIGHTERS ASSOCIATION LOCAL 794, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, a class action,**
**and**
**Newport News Fraternal Order of Police, a class action, Plaintiffs,**

v.

**CITY OF NEWPORT NEWS, VIRGINIA, a municipal corporation, et al., Defendants.**

**Civ. A. No. 83–69–NN.**

United States District Court,
E. D. Virginia,
Newport News Division.

Feb. 25, 1972.

As Amended March 22, 1972.

See also, D.C., 307 F.Supp. 1113.

---

12. 438 F.2d 132 (10th Cir. 1969).

13. 378 F.2d 538 (10th Cir. 1967) cert. denied, 389 U.S. 1022, 88 S.Ct. 593, 19 L. Ed.2d 667.

F. Lee Cogdill, W. M. Krieger, Newport News, Va., for plaintiffs, Newport News Fire Fighters and Newport News Fraternal Order of Police.

Avery A. Thomas, Newport News, Va., for Newport News Fraternal Order of Police.

P. A. Yeapanis, City Atty., Newport News, Va., for defendants.

## MEMORANDUM

WALTER E. HOFFMAN, Chief Judge.

This civil action was originally brought to obtain a declaratory judgment and injunctive relief declaring unconstitutional and preventing enforcement of Senate Joint Resolution No. 12 (1946) of the General Assembly of Virginia, entitled "Unionization of officers and employees of the Commonwealth;" [1] chapter XI, sections 11.1 and 11.2, 3.13 of the Rules and Regulations of the Newport News Bureau of Police; and Article 26, sections 50 and 53 of the Rules and Regulations of the Newport News Division of Fire. The above regulations and resolutions had the effect of making it impossible for policemen and firemen of Newport News to join a labor union or any other association affecting legislation involving the Police and Fire Departments of the city.

All the plaintiffs are members of either the Police or Fire Departments of Newport News, Virginia. Their original complaint alleged that these rules and regulations prohibited exercise of the plaintiffs' constitutionally guaranteed rights in violation of the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States. It was the plaintiffs' desire to be able to join and become active members in labor unions of their choice. They were unable to do so because of the rules and regulations existing in Newport News.

1. See: Acts of The General Assembly of Virginia, 1946, page 1006.

The City of Newport News is a municipal corporation charged by the State Constitution and the City Charter to maintain the Fire and Police Departments. The City Council has general supervisory powers over the Police and Fire Departments. The Council establishes wages through a pay scale, working conditions, hours of pay, and the rules and regulations of employment. The City Manager is charged with enforcing the rules and regulations of both departments. He is required to hold hearings on all charges against employees of both departments. The Director of Public Safety is charged with the duty of promulgating rules and regulations that govern these departments of the city. He accomplishes this through directives. The Director of Public Safety has no control over wages, hours, and working conditions. The City Charter has reserved this power for the City Council. The respective Chiefs of the Fire and Police Departments recommend promotions and demotions and administer the rules and regulations of the Department in conjunction with the City Manager and the Director of Public Safety. A grievance procedure allows individual employees to process grievances. However, there is no procedure for collective bargaining with respect to grievances, wages, and conditions of employment.

The plaintiffs filed their complaint in the Newport News Division on July 2, 1969. Shortly thereafter, all defendants answered the complaint and/or filed motions to dismiss. Pursuant to the action, the plaintiffs took depositions of the city officials on August 26, 1969, and depositions of representatives of the police and fire departments on October 17, 1969.

On January, 1, 1970, the city created a position known as the Director of Public Safety. Prior to that date, the City Manager had also served in that capacity. On February 2, 1970, Mr. David J. Daley, the newly appointed director, issued a directive to the Chief of Police and the Chief of the Fire Department, stating that he was reviewing and updating the rules and regulations at issue herein. Pending the completion of that review, the directive implemented certain policies. Among other things, employees were not prohibited from joining "any fraternal order or any association which has as its purpose the betterment of the service, * * * ". All rules and regulations in existence prior to the directive and inconsistent with it were repealed.

The defendants deleted the questioned rules from the regulations of the Fire Department on June 9, 1970, and from the regulations of the Police Department on September 25, 1970. This deletion occurred after substantial discovery procedures had been undertaken by the plaintiffs.

At the final pretrial conference before this court on August 19, 1971, the parties discussed the fact that the plaintiffs' complaint was moot, in view of the deletion of the challenged rules and regulations and the determination by this court in a pretrial order that the Senate Joint Resolution in question was not a law of Virginia, but merely an expression of opinion of the legislative body. It is now possible for the Newport News fire fighters and policemen to be members of labor unions. Plaintiffs' counsel indicated that it was their opinion that the court could go beyond merely declaring that members of the Police and Fire Departments have a constitutional right to become members of a union. They stated that the relief the plaintiffs now desired was for the court to direct the City of Newport News to enter into collective bargaining sessions with the unions. It is to that issue that this court now addresses itself.

The primary purpose of the plaintiff associations is to represent its members in labor related negotiations with the defendants concerning wages, grievances, hours, and other conditions of employment. The city refuses to collectively bargain with the plaintiffs concerning any labor related problem. The plaintiffs assert that this refusal on the part

of the city denies them their constitutional rights guaranteed under the First and Fourteenth Amendments of freedom of speech, the right to peaceably assemble, and the right to petition the government for a redress of grievances. As a consequence of this denial, the plaintiffs request that this court order the City of Newport News to enter into collective bargaining sessions with the plaintiff associations.

The defendants' refusal to bargain with the plaintiffs is based upon the Charter of the City of Newport News. The city exists as an entity and as a political subdivision pursuant to its Charter. The present Charter sets forth provisions for the employment and supervision of firemen and policemen. There is no provision in the Charter or in the revised rules and regulations guiding the departments for city officials to collectively bargain with the plaintiffs.

 Section 8(d) of the National Labor Relations Act defines the duty to collectively bargain as the mutual obligation " * * * to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement, * * * " 29 U.S.C., § 158(d) (1965). The right to bargain collectively created by the National Labor Relations Act is a public right. The right did not exist prior to the passage of the Act. National Labor Relations Bd. v. Edward G. Budd Mfg. Co., 169 F.2d 571 (6 Cir., 1948), cert. denied Foreman's Ass'n of America v. Edward G. Budd Mfg. Co., 335 U.S. 908, 69 S.Ct. 411, 93 L.Ed. 441. Sections 2 and 7 of the National Labor Relations Act, when construed together, specifically exclude municipal employees from the right to collectively bargain. 29 U.S.C. §§ 152, 157. Congress has never provided for collective bargaining by government employees. Therefore the plaintiffs' right to require the city to enter into collective bargaining sessions must come, if at all, from rights reserved under the Constitution of the United States or from state legislation.

In the question of requiring a municipality to enter into a collective bargaining agreement with its employees, we have tried to take into account various aspects of the problem. By passing the National Labor Relations Act, Congress granted to employees in the private sector of our economy the right to participate with their employers in decisions determining the terms and conditions of employment. The obligation to bargain collectively is the core of the Act, and the primary means fashioned by Congress for securing industrial peace. National Labor Relations Board v. American Nat. Ins. Co., 343 U.S. 395, 72 S.Ct. 824, 96 L.Ed. 1027 (1952). But, as we have noted above, public employees have been expressly excluded from the Act. In recent years there has been much discussion concerning this problem.

A policy argument against public employee bargaining is that there are no subjects for collective bargaining in the public sector. Wages, hours, working conditions and other subjects are determined by legislative authority and are thus outside the control of any immediate supervisory official. To permit bargaining, then, would involve an unlawful delegation of powers entrusted solely to the legislature. The counter to this argument is that there are certain areas of employment such as promotion, tenure, working conditions and grievance procedures within the discretion of administrative officials, and bargaining in these areas would not involve an illegal delegation. See Blaird, Labor Relations Policy For Public Employees: A Legal Perspective, 4 Ga.L.Rev. 110 (1969) for a complete discussion of labor problems in the area of public employment.

 The Supreme Court of the United States has accorded "freedom of association" full status as an aspect of liberty protected by the Due Process Clause of the Fourteenth Amendment and by the rights of free speech and

peaceful assembly set out in the First Amendment. N. A. A. C. P. v. State of Alabama ex rel. Patterson, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958). The right of peaceable assembly is closely connected to freedom of speech and is equally fundamental. DeJonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937). However, we do not feel that these basic rights can be extended to include the right to require a city to enter into collective bargaining sessions with an association of its employees. While federal appellate courts have recently indicated that the right of public employees to belong to a labor union falls within the constitutional protection of the First and Fourteenth Amendments, none of them sanction or suggest that the right to collectively bargain with the sovereign falls within the ambit of federal constitutional protection. Atkins v. City of Charlotte, 296 F.Supp. 1068 (W.D.N.C., 1969) (three-judge court); Melton v. City of Atlanta, Georgia, 324 F.Supp. 315 (N.D.Ga., 1971) (three-judge court).

The three-judge court in Atkins v. City of Charlotte, *supra*, has suggested that the employer-employee relationship in the government sector is a legislative matter. When that court had the issue of the constitutionality of a statute prohibiting collective bargaining between Charlotte and labor unions before it, the court stated:

> "The solution, if there be one, from the viewpoint of the firemen, is that labor unions may someday persuade state government of the asserted value of collective bargaining agreements, but this is a political matter and does not yield to judicial solution. The right to a collective bargaining agreement, so firmly entrenched in American labor-management relations, rests upon national legislation and not upon the federal Constitution. The State is within the powers reserved to it to refuse to enter into such agreements and so to declare by statute." *296 F. Supp. at 1077.*

■ We concur and are persuaded by Atkins v. City of Charlotte, *supra*. We hold that it is not within the function of this court to decide whether or not the City of Newport News must enter into a collective bargaining agreement. That decision rests with the General Assembly of Virginia and the City Council of Newport News. Absent any legislative mandate from Congress or the General Assembly of Virginia, we conclude that the City of Newport News is within its rights to refuse to collectively bargain with the plaintiff associations.

■ We hasten to point out that, while public employees do not have the right to collectively bargain, they are not precluded from sitting down at a table with representatives of the city and discussing matters concerning the employment relationship. Collective bargaining should not be confused with the rights of petition, peaceable assembly, and free speech which public employees may exercise. Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967).

The plaintiff associations request that this court award them $926.32 in costs, the amount of funds expended by them prior to the deletion of the rules originally under attack in this suit. Their position is that the questioned rules were deleted by the city, and the original declaratory judgment action rendered moot, because of the efforts in bringing this action and proceeding with discovery. The plaintiffs contend that the plaintiffs should be considered the prevailing parties for the purpose of awarding costs. The city suggests that the rule changes occurred because of policies instituted by the newly appointed Director of Public Safety. In determining this matter, we do not feel that the reason for the rule change is important. We think it more significant to determine which party would have prevailed had the matter been ultimately decided.

The Federal Rules of Civil Procedure abolished the distinction between law and equity and provided for one form of

action, to be known as a civil action. Rule 54(d) provides:

> "Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *"

The taxation of costs in the favor of the prevailing party in a matter in equity is within the discretion of the court. United States v. Bowden, 182 F.2d 251 (10 Cir., 1950). It is obvious that, had this court ruled on the constitutionality of the rules and regulations prohibiting the policemen and firemen of Newport News from becoming members of labor unions as a matter of law, the rules and regulations would have been held unconstitutional. Atkins v. City of Charlotte, *supra*. However, as noted above, the case became moot on that point.

■ On the above set of facts, we award taxable costs to the plaintiffs as the prevailing party. See Rosenthal v. Shepard Broadcasting Service, Inc., 299 Mass. 286, 12 N.E.2d 819, 114 A.L.R. 1502 (1938), in which the case became moot but costs were allowed, relying in part upon Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990 (1921). Costs shall be $905.32, the total amount expended[2] by the plaintiffs, $926.32 less a $21.00 witness fee for Willard M. Robinson, Jr. who was determined to be not a proper party defendant by this court in a pretrial order and whose deposition was never taken.

Counsel for defendants will prepare and present an order dismissing this action as moot and denying the plaintiffs' request for an order directing the defendants to collectively bargain with the plaintiffs or any union representative. Costs are to be awarded to the plaintiffs in accordance with this memorandum, subject to possible change with respect to footnote 2.

2. The court assumes that the bills of the court reporter taking the depositions, same being in the sum of $282.50 and $330.50 respectively, cover only the cost of the original. If these bills include the cost of a copy for use by counsel for plaintiffs, these items should be further reduced to the extent of the copy rate.