The Attorney General has considered your request for an opinion wherein you ask, in essence, the following questions: 1) May a Municipal Hospital Board of Management, created pursuant to a city's charter to govern and administer a municipal hospital, recognize, collectively bargain, or contract with any labor union or other employee organization as bargaining agent for the hospital's employees? 2) Where charter provisions vest the authority to manage municipal hospital affairs in such a Board, is that Board the appropriate body to recognize, bargain or contract with an employee organization, or is such authority vested in the governing body of the municipality? The United States Supreme Court has held that public employees have a constitutional right to join a labor organization, such activity being protected by the freedom of association, Abood v. Detroit Board of Education, 431 U.S. 209, 52 L.Ed.2d 261, 97 S.Ct. 1782
(1977). See also A.F.S.C.M.E. v. Woodward, 406 F.2d 137
(8th Cir. 1969). The courts have not thus far found a constitutional right of public employees to bargain collectively. Most hospital employees are included within the scope of the National Labor Relations Act pursuant to29 U.S.C.A. 152(14), which deleted the previous exclusion of non-profit hospitals. This inclusion of nonprofit hospitals applies only to non-public non-profit hospitals, as the Court noted in N.L.R.B. v. West Suburban Hospital,570 F.2d 213 (7th Cir. 1978), quoting from S. Conf. Rep. No. 998, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. Admin. News pp. 3946, 3948. The exclusion of public hospitals from the operation of the federal act stems from the definition of "employer" found in29 U.S.C.A. 152(2), which excludes ". . . any State or political subdivision thereof . . ." Prior to the express inclusion in the act of non-profit hospitals, rights of their employees to organize and bargain collectively were matters of state law, Memorial Hospital of Roxborough v. N.L.R.B., 545 F.2d 351 (3d Cir. 1976). The National Labor Relations Act does not operate to compel a political subdivision to collectively bargain with employee unions, see N.L.R.B. v. Natural Gas Utility District of Hawkins County, 402 U.S. 600, 29 L.Ed.2d 206, 91 S.Ct. 1746
(1971). Accordingly, the rights of municipal hospital employees to bargain collectively is to be determined by reference to state law. State statutes are silent as to the right of municipal hospital employees to bargain collectively with management. The only statutory directive as to collective bargaining rights of municipal employees is found in 11 O.S. 51-101 [11-51-101] et seq. (1977), the Firefighters' and Policemens' Arbitration Act. That act does not extend to other municipal employees under the 1977 recodification of Title 11. In Midwest City v. Cravens, 532 P.2d 829 (Okl. 1975) the Court found that the act superseded home rule provisions in conflict therewith insofar as police and firefighters were concerned. In the absence of a legislative direction on the matter, the question of labor relations with municipal employees is a question of purely local concern to be determined by reference to the city's charter. See City of Wewoka v. Rodman, 172 Okl. 630, 46 P.2d 334 (1935), as modified by Midwest City v. Cravens, supra. Your question therefore asks, in essence, whether a municipal hospital board of control may, in the absence of enabling charter provisions, recognize and enter into collective bargaining with an employee organization. The establishment of such Boards of control is authorized, but not required, by statute, 11 O.S. 30-101 [11-30-101] et seq. (1977). Those statutes do not address collective bargaining, but do provide in 11 O.S. 30-104 [11-30-104] that such boards ". . . shall have the authority to appoint, and remove, a suitable superintendent, or matron, or both, and necessary assistants and nurses, and to fix their compensation . . ." 11 O.S. 30-106 [11-30-106] requires that the board appoint ". . . none other than competent and experienced nurses and attendants . . . and employ competent and experienced physicians and surgeons . . ." Such boards are thus vested with legislative discretion in the operation of the hospital, including employee relations. Given the public nature of the employment and the type of authority vested in the board, the answer to the question posed depends on what is meant by the term "collective bargaining." Generally speaking the term "collective bargaining" connotes a right to negotiate through a representative, coupled with a power to make such negotiations binding on the parties, Midwest City v. Cravens, supra. In regard to public sector bargaining, however, the sanctions possessed by unions to make such negotiations binding is inconsistent with the legislative power and makes agreements so reached invalid as being in derogation of the legislative function, I.B.E.W. v. Grand River Dam Authority, 292 P.2d 1018 (Okl. 1956). This case is in accord with the vast majority of cases from other jurisdictions, decided on the same principle, and is authority in this state for holding that private sector type collective bargaining in the public employment setting and constitutes an impermissible delegation of legislative authority to private individuals. Even the statutes concerning police and firefighters do not change this principle. As the Court noted in Midwest City v. Cravens, supra, at 834: "The Act in question merely provides for a collective voice for firefighters and policemen to speak to their employer. The municipal authorities, in their sole discretion, may or may not adopt the views of the collective voice." The majority of cases from other jurisdictions have adopted this position, see, eq. Norwalk Teacher's Association v. Board of Education of the City of Norwalk, 138 Conn. 269,83 A.2d 482, 31 A.L.R. 2d 1133 (1951); Fellows v. LaTronica,377 P.2d 547 (Colo. 1962); Communications Workers of America v. Arizona Board of Regents, 498 P.2d 472 (Ariz.App. 1972). We note that the board of management is vested with legislative discretion in hiring, firing and fixing the compensation of hospital employees. In the absence of enabling legislation or charter provision the board is without authority to enter into a binding collective bargaining agreement with an employee organization as such an agreement would be an impermissible delegation of legislative authority. This should not be construed, however, as a prohibition on voluntary negotiations between the board and the employee organizations. As the court noted in Midwest City v. Cravens, supra, at 834: "Surely, municipal employees may on their own, make recommendations and suggestions and confer with their employer concerning the terms and conditions of their employment. "In Newport News Fire Fighters Association v. City of Newport News, Virginia (D.C. 1972),339 F. Supp. 13, the Court said there was no statutory right of collective bargaining for public employees, but this did not preclude them from sitting down at a table with representatives of the city and discussing matters concerning the employment relations." In Fellows v. Latronica, supra, Justice Pringle of the Colorado Supreme Court noted in his concurring opinion: "That public employees may organize in unions and may designate a representative to prevent their views as to terms and conditions of employment to the body charged with the duty of setting such terms and conditions if the body chooses to hear them seems now to be generally accepted. Agreements reached between the negotiating parties may be translated into effect by proper legislative action, providing such agreements do not conflict with constitutional, charter or statutory provisions. "I am of the further opinion that proper legislative authority permitting municipalities to voluntarily enter into limited collective bargaining agreements with respect to terms and conditions of employment does not involve an improper delegation of a legislative function. The fact that the municipality engages in collective bargaining does not necessarily mean that it has surrendered its decision making authority with respect to public employment. The final decision as to what terms and conditions of employment the municipality will agree to, or whether it will agree at all, still rests solely with its legislative body." In a well-reasoned opinion which addressed both the authority to enter into collective bargaining and the validity of a collective bargaining agreement, the court in Board of Education v. Scottsdale Education Association, 498 P.2d 478 (Ariz.App. 1972) specifically noted at 583: "We therefore hold that the Board has authority to enter into 'collective bargaining' with a representative of the teacher-employees when that 'collective bargaining' is in the context of meeting and consulting with. However, the decision of whether the Board desires to enter into such a 'collective bar gaining' situation remains for the Board, and actions to compel or coerce the Board to so bargain collectively against its better judgment are improper." The Court in this case held the binding contract invalid, but noted at 586: "Nothing we have said by this opinion should be taken as meaning that the Board may not promulgate rules and regulations . . . for the conduct of affairs of the school district which may embrace many of the items contained in the . . . agreement. "Nor should this opinion be construed as limiting the power of the Board to enter into one written contract with a representative of a teacher's organization provided that the terms of that contract are within the statutory authority of the Board and contains no terms of employment which could not be included in a standard contract for individual teachers." In the context of the question here presented, it is apparent that the municipal hospital board of management is without authority to enter into private sector type collective bargaining with representatives of an employee organization. The board may in its discretion recognize and confer with such a representative concerning terms and conditions of employment provided the board retains the final decision on all matters at issue, and may implement the policies so adopted by rules and regulations promulgated pursuant to the authority granted by charter or 11 O.S. 30-104 [11-30-104] (1977). Your second question concerns whether the Board or the governing body of the municipality is the appropriate body to recognize, bargain, and contract with the organization, and assumes that charter provisions vest authority to manage hospital affairs in the Board. Where the legislative authority vests such management powers in the Board, that board is the proper body to decide such issues, as the terms and conditions of employment are matters of hospital management. The statutory provisions of 11 O.S. 30-101 [11-30-101] et seq. (1977), grant such boards authority to manage such affairs, including hiring of personnel and fixing of compensation. Under the statutory plan the governing body has the power only to approve or disapprove of the board's actions; accordingly the negotiations on terms of employment is vested with the board and that board is the appropriate body to determine whether to recognize, bargain, and contract with the employee organization. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A municipal hospital board of management is without authority to enter into private sector type collective bargaining with representatives of a hospital employees' organization; the board may in its discretion recognize and confer with such a representative concerning terms and conditions of employment provided the board retains the final decision on all matters at issue. Where charter provisions vest the authority to manage hospital affairs in a board of management, that board, rather than the governing body of the municipality, is the appropriate body to recognize, confer, and contract with the employee organization. (JOHN GREGORY THOMAS) (ksg)