STATE of Oklahoma ex rel. Ben BAKER, Plaintiff in Error,

v.

James L. MAXWELL, Mayor, Robert L. Mawhinney, Commissioner of Fire and Police, Guy Hall, Jr., Commissioner of Streets and Public Property, Robert Leikam, Commissioner of Waterworks and Sewerage, and Fay Young, Commissioner of Finance and Revenue, constituting the Mayor and Board of Commissioners of the City of Tulsa, Oklahoma, Defendants in Error.

No. 38614.

Supreme Court of Oklahoma.

March 8, 1960.

Milton W. Hardy, of Hardy & Hardy, Tulsa, for plaintiff in error.

Darven L. Brown, City Atty., Wilton W. Works, Asst. City Atty., Tulsa, for defendants in error.

BLACKBIRD, Justice.

This is an appeal from a judgment of the District Court, hereinafter referred to as the "trial court", refusing to issue a peremptory writ of mandamus against the defendants in error, who are the Mayor and Members of the Board of Commissioners of the City of Tulsa. The apparent object of the mandamus action was to require the defendants in error, hereinafter referred to as respondents, to retain Ben Baker, hereinafter referred to as relator, in his position as Deputy Clerk of the Municipal Court of the City of Tulsa, after the claim-

ed termination of his service in that capacity.

Relator bases his alleged cause of action for the Writ on the claim that the position of Deputy Clerk, is a "classified service" under the Civil Service Amendment of Tulsa's City Charter; and that therefore he cannot be legally removed from said position except in the manner, or by the procedure, provided in said amendment for the removal, suspension, and/or demotion of officers and employees in the classified service.

The only action taken by any of the respondents, in connection with the termination of the relator's service as Deputy Clerk, was the dispatching of a letter to him by the respondent, James L. Maxwell, informing him of said termination, on May 6, 1958, when, pursuant to his election as Tulsa's Mayor, Maxwell, for the first time, assumed the duties of that office. On the same date, the respondent members of the City's Board of Commissioners were commencing their present terms of office. The only reason given in the new Mayor's letter for termination of relator's services as Deputy Clerk, was that he had not been reappointed. Notwithstanding his receipt of this letter, the relator continued to report for duty at the Court Clerk's office, but, when no work was assigned to him, and it became evident that he would no longer be recognized as a deputy in that office, he commenced the present action resulting in the trial court's aforementioned adverse judgment.

Herein seeking reversal of said judgment, relator seeks to establish himself as a City employee in classified service, by referring to the work of job classification that was performed after the Tulsa Charter's Civil Service Amendment was adopted by said City's voters at a municipal election held there on October 22, 1957. This task of classifying Tulsa employees culminated in certain personnel action taken at a meeting of said City's then-mayor (the respondent Mayor's predecessor, George E. Norvell), with its Board of Commissioners, held in February, 1958.

At this meeting, a transfer of the position of Deputy Clerk from the unclassified, to the classified, service was purportedly approved.

Respondents contend that the above described personnel action was insufficient, and wholly ineffective, to make the position of Deputy Clerk a classified one, in view of the law creating and governing that position. They point first to the statute creating Tulsa's Municipal Court, Title 11 O.S.1951 § 782, et seq. Said statute vests in said Court not only original jurisdiction of violations of Tulsa Ordinances, but also gives it coordinate jurisdiction (with the County and Justice of the Peace Courts) over the prosecution of all offenses in violation of state statutes, occurring within Tulsa's city limits. Said Statute (sec. 783), not only provides for the appointment of the judge of said court by the City's Board of Commissioners, but it also provides for said Board's appointment of said Court's Clerk and his deputies. The Act further provides:

"* * *; the term for which the clerk and deputy clerk shall be appointed shall be one (1) year; provided, that neither of such appointments shall be for a term extending beyond the period for which the officials of the governing body of such city or town have been elected."

Respondents maintain that with the relator's term of office expiring when it did, his employment was then and thereby terminated ipso facto, or by operation of law, so that it was not necessary for them to remove, or discharge, him by taking *any* action, either following the procedure prescribed in the Charter's Civil Service Amendment or any other; that the expiration of his previous term of office, coupled with the fact that he was not reappointed— or appointed to a new, or another, term— effectively forestalled any claim he might have to any further tenure as Deputy Clerk. Relator has furnished no refutation of this argument, and we think it must be upheld. While the Tulsa Charter's Civil Service Amendment does not specifically, or by name, exclude the office of deputy clerk from being brought under its operation, said Amendment (Art. XVI) does, in its section 5(f) exclude: "Personnel holding an office or position when created by statute." Consequently, though there might be room for argument as to whether the term "clerks" in said Amendment's section 5(e), excluding them from its coverage, includes a Deputy Clerk, relator makes no contention to the contrary, and we think there can be no question but that the "office or position" of Deputy Clerk was created by (the hereinbefore quoted) statute. This truth is fatal to relator's present appeal. Without negating it, he wholly fails to show error in the trial court's judgment refusing him the writ. Said judgment is therefore affirmed.