**E. B. LEE, Plaintiff in Error,**

v.

**James H. NORICK, Mayor, and H. T. Moran, Patience Latting, Harry L. Deupree, M.D., Bill H. Bishop, John M. Smith, Ben Franklin, A. L. Dowell, O.D., and Rowe Cook, City Councilwoman and Councilmen of the City of Oklahoma City, a municipal corporation, Defendants in Error.**

No. 42890.

Supreme Court of Oklahoma.

Dec. 3, 1968.

Tom Woody and Doyle C. Scott, Scott, Groom & Romano, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, Giles K. Ratcliffe, Asst. Municipal Counselor, Oklahoma City, for defendants in error.

DAVISON, Justice.

This is an appeal by E. B. Lee (plaintiff below) from an order and judgment of the

lower court refusing to issue a peremptory writ of mandamus commanding James H. Norick, Mayor, and the Councilmen of the City of Oklahoma City (defendants below) to reinstate the plaintiff in his office as a Municipal Judge of the City of Oklahoma City. The judgment was rendered upon the pleadings of the parties, as supplemented by various written exhibits presented at the hearing. No testimony was introduced. The lower court determined, as a matter of law, that the plaintiff was not entitled to be reinstated and refused to issue the writ.

There is no dispute as to the facts. The plaintiff was a municipal judge of the City prior to December 27, 1967. On that date the City, by action of the City Council, passed an emergency ordinance (Secs. 1–9, Chap. 1, Title 8) establishing a system of municipal courts, and providing for the appointment of three judges to serve as judges for all the courts, and repealing the prior ordinance dealing with that subject. The enacted ordinance established a Court of Record with jurisdiction as provided by the laws of the State of Oklahoma, a Criminal Court with jurisdiction over violations of ordinances other than those pertaining to traffic, and a Traffic Court with jurisdiction over violations of traffic ordinances. The Criminal Court and Traffic Court were limited to cases where the prescribed penalty did not exceed a fine and costs of $20.00. On the same date the plaintiff was reappointed by the City Council as one of the municipal judges. On January 23, 1968, the City Council voted to discharge the plaintiff as municipal judge, effective that date, with pav through January 31, 1968, plus accrued vacation time, and plaintiff was given written notice of such action. Plaintiff then filed this action for reinstatement.

There is no dispute that the plaintiff was appointed as judge of a municipal court established pursuant to 11 O.S.Supp. 1965, § 781, which created a "Court of Record which shall be known as the 'Municipal Court of the City of _____' * * *."

in cities having a population of more than 50,000 inhabitants.

Under the provisions of 11 O.S.1961, § 782, the court was vested with jurisdiction to hear and determine prosecutions for violations of City ordinances, and co-ordinate jurisdiction with the County Court and Courts of Justice of the Peace of the County for violations of statutes of the State, where the offense, or misdemeanor, was committed within the corporate limits of the City.

Plaintiff contends that under the applicable statutes and law his appointment as municipal judge was for a term of two years and that the City Council had no authority to summarily remove him without cause and an opportunity to be heard.

Plaintiff relies upon 11 O.S.1961, § 783, which provides as follows:

"The Board of Commissioners of the City, or City Council, is hereby empowered to appoint one or more judges of said Municipal Criminal Court, as may be required, such judge or judges to possess the qualifications now required by law to be possessed by judges of the County Court, and to fix and determine the compensation to be allowed said judges, and to appoint a Clerk of said Court and to appoint one or more Deputy Clerks and to fix their compensation. The term for which the judge of said Court shall be appointed shall be two (2) years; the term for which the clerk and deputy clerk shall be appointed shall be one (1) year; provided, that neither of such appointments shall be for a term extending beyond the period for which the officials of the governing body of such city or town have been elected."

It is plaintiff's position that this statute supersedes any charter provision of the City whereby the City may remove him from his office without cause. He does not furnish us with any statutory provision or proceeding whereby sufficient cause is defined or determined. We assume he has reference to 22 O.S.1961 § 1181, et seq., in which causes and procedure for removal

of officers are set forth. In § 1181 thereof it is provided that any officer not subject to impeachment elected or appointed to any State, county, township, city, town or other office under the law of this State may, in the manner provided by succeeding sections, be removed from office for the causes enumerated therein. We assume that plaintiff also has reference to 51 O.S. 1961, §§ 91–105, providing the grounds and court procedure for ouster of city and municipal officers and other officers who are not subject to impeachment.

The defendants take the position that, in as much as Oklahoma City has a charter adopted and approved in accordance with the Oklahoma Constitution, Art. 18, § 3(a), the provisions of the charter prevail in the present situation as to the power and manner of removing municipal judges.

Defendants rely on 11 O.S.1961, § 564 (R.L.1910, § 539) which provides, generally, that the provisions of a charter shall prevail when in conflict with any laws relating to cities and shall operate to repeal or suspend the state law to the extent of such conflict; provided that the charter shall be consistent with and subject to the Constitution, and not in conflict with the laws relating to the exercise of the initiative and referendum, and other general laws not relative to cities of the first class.

Article 4, § 16, of the Charter of Oklahoma City provides in part that the City Council shall provide by ordinance for Municipal Courts for the City, which shall be presided over by one or more municipal judges, and shall fix the jurisdiction of said courts.

The pertinent portions of Article 2 of the Charter are as follows:

"Section 16. Selection of City Manager and Other Officers. The Council shall select a City Manager, City Auditor, Municipal Counselor, and Municipal Judges, and whenever a vacancy shall occur in any of these offices, the Council shall select some qualified person to fill such vacancy. Such officers shall be selected without regard to their political affiliation. Their salaries shall be fixed or changed by a two-thirds roll call vote of the entire Council-elect. They shall serve during the pleasure of the Council and the Council shall not bind the City by any term contract with any officer or employee. * · * * "

"Section 17. Removal of Officers Selected by Council. The Council shall have the power at any time to remove any officer or employee whose successor it has the power to select and to select a successor to him."

The question presented is whether the above provisions of this charter vested in the City Council superior, or at least concurrent, power to remove the plaintiff from his office as municipal judge before expiration of the two year term.

The charter expressly vests power in the City Council to remove a municipal judge at the pleasure of the Council and prohibits any term contract with any officer or employee. The charter provision does not specify that the Council give or determine cause of such removal. The statute 11 O.S.1961, § 783, provides for appointment of a municipal judge for a term of two years, but not extending beyond the period for which the city governing body has been elected. The statute has no provision for removal from office. In these respects the charter has a provision for removal not found in 11 O.S.1961, § 783, and a charter provision in conflict with the statutory provision for a term of two years. In the present case we are concerned with the power and method of removal. The parties do not cite any decision of this court involving this factual situation.

Our Constitution, Art. 18, § 3(a), supra, provides that the charter shall become the organic law of the city in its municipal affairs.

■ We have held that by both the Constitution and the statute (11 O.S.1961, § 564) such charter provisions, when not inconsistent with the Constitution, supersede the statutes pertaining to municipal affairs, and thereby becomes the superior

law in matters pertaining to municipal affairs. Pitts v. Allen, 138 Okl. 295, 281 P. 126. See also City of Wewoka v. Rodman, 172 Okl. 630, 46 P.2d 334, and Town of Luther v. State ex rel. Harrod, Okl., 425 P.2d 986, for further discussion and statements of this rule of law.

In Goodwin v. Oklahoma City, 199 Okl. 26, 182 P.2d 762, we sustained the City's discharge of a police officer, whose employment was not for a specified period, although the statutes enumerated the grounds for discharge of a police officer and further provided that no police officer could be discharged by the governing body without cause. We based our holding on the rule of law that the city charter became the organic law of the city, superseding the general laws relating to municipalities in matters of purely municipal concern, and that the provisions of the city charter relating to the removal of appointed officers were solely matters of municipal concern and control over the general laws.

Under the ordinance and the statute (11 O.S.1961, § 782) the court was vested with jurisdiction to hear and determine violations of city ordinances and statutes within the limits therein set forth. The court, the appointment of judges and their removal and the functioning of the court were matters of concern to both the City and State. This was not the exclusive concern of either the City or the State.

In State ex rel. Burns v. Linn, 49 Okl. 526, 153 P. 826, the question presented to this court was whether the charter provisions of the City of Tulsa, relative to removal of a chief of police, were exclusive and prevailed over the general statute (now 22 O.S.1961, § 1181). After an extensive discussion and consideration of the authorities, including the relative concern of the City and State in the enforcement of the criminal ordinances and statutes, we concluded that the removal provisions of the city charter were not exclusive, but were cumulative to and concurrent with the jurisdiction vested in the district court by the general laws of the State.

We point out that under the pleadings and record before this court we are presented only with the proposition of construing the charter provisions and the statutes and determining whether the City Council could legally remove the plaintiff from his office. As stated above, the statute, 11 O.S.1961, § 783, provides for appointment of municipal judges for a term of two years, but it does not have any provision for their removal. The City Charter vests this power of removal in the City Council.

We further point out that the applicable constitutional and statutory provisions are those herein cited and discussed. The new Judicial Article 7, § 1, of the Constitution, adopted July 11, 1967, and the amendment of 11 O.S.1961, §§ 782, 783, in 1968 (11 O.S.Supp.1968, §§ 782, 783) do not become effective until January 13, 1969, and no opinion is intended or expressed as to the effect thereof.

Plaintiff cites State ex rel. Baker v. Maxwell, Okl., 350 P.2d 282. The case is not in point. We held in that case that under the provisions of 11 O.S.1961, § 783, the term of office of the deputy clerk of the municipal court expired with the expiration of the period for which the officials of the governing body had been elected. No question was presented concerning removal prior to expiration of the term.

Plaintiff cites Bishop v. City of Tulsa, 21 Okl.Cr. 457, 209 P. 228, 27 A.L.R. 1008, and other cases, in which it was held that Chap. 199, Laws 1919 (11 O.S.1961, § 781 et seq.) was a "general law" and not a "special law" within the meaning of the Constitution, Art. 5, § 32, requiring publication of a notice of the intended introduction of the legislative bill before consideration by the Legislature of a special or local law. This is not the question presented in the instant appeal. As heretofore shown herein, the city charter provision may supersede the general laws in matters solely of municipal concern.

Plaintiff also cites 67 C.J.S. Officers § 59b(2), p. 245, and 43 Am.Jur. Public

Officers, § 183, p. 32, to the effect that the general rule that the power of appointment carrying with it the power of removal ordinarily does not apply when a definite term is attached to an office by law. We do not dispute this statement of law. However, our statements and conclusions herein show that the rule is not applicable to the instant situation. The power of removal was expressly set out in the City's Charter.

■ It is our conclusion that the hearing and determination of violation of city ordinances and state laws in the municipal court provided for in 11 O.S.1961, § 782, was a matter of concern to both the City and the State and was not the exclusive concern of either the City or the State. It is our further conclusion that the provisions in 11 O.S.1961, § 783, that the judge of the municipal court be appointed for a term of two years, but with no provision therein relative to removal of such officer, did not abrogate the authority of the City Council to remove such officer in accordance with the City Charter.

The judgment of the lower court is affirmed.

All the Justices concur.