**CITY OF PONCA CITY, a municipal corporation, Plaintiff in Error,**

v.

**Earnest EDWARDS, Frank Ross and Alta N. Ross, husband and wife, and Ida B. Johnson, Defendants in Error.**

**No. 42723.**

Supreme Court of Oklahoma.

Sept. 30, 1969.

C. Marland Johnson, Ponca City, for plaintiff in error.

Duffy, Johnson & Berry, Ponca City, for defendants in error.

HODGES, Justice.

This appeal from a judgment of the district court involves the question of whether a municipal parking lot comes under the provisions of the home rule charter of the City of Ponca City or under the provisions of Title 11 O.S. (1965) 546.1 through 546.-14, entitled "Municipal Parking Station Act of 1965".

The Ponca City Board of Commissioners by resolution established a benefit district for a municipal parking facility and by subsequent resolutions gave notice and held public hearings regarding the creation of the municipal parking facility. All resolutions were purportedly in accordance with the provisions of Title 11 O.S. (1965) Sections 546.1 through 546.14. Subsequent to the passing of such resolutions a public trust was created for public purposes named "Ponca City Municipal Authority", with the City of Ponca City designated as the beneficiary. The City of Ponca City and the Ponca City Municipal Authority entered into a 20 year Lease Agreement and Operation and Maintenance Contract regarding the parking facility.

The plaintiffs, who are owners of property in the benefit district subject to assessment for a percentage of the costs of

financing the facility, filed their petition in the district court under the provisions of 12 O.S. Section 1651, Declaratory Judgment Act. They seek a determination of the legality of the resolutions of the Board of Commissioners of the City of Ponca City establishing a benefit district for a municipal parking facility under the provisions of the state statutes, supra.

Plaintiffs allege that the parking facility is a public utility and as such cannot be created unless it is done in accordance with the provisions of the City Charter, Article XII, Section 161, which among other things requires the approval of a majority of the qualified voters of the City to create a public utility. Defendant on the other hand contends that for Section 161 of the City Charter to be applicable the City must (1) "buy or construct" a public service or enterprise, (2) the City must "maintain, extend and operate" the parking facility and (3) the parking facility must be a city utility exclusively owned by the City. Defendant argues in his brief that none of the above conditions exist and for that reason the parking facility is governed by the state statute, Title 11 O.S. 546.1–546.14, Municipal Parking Station Act of 1965. Defendant further argues alternatively that even if Section 161 of the City Charter is broad enough to encompass the parking facility herein contemplated, that this conflicting City Charter Provision must give way to the state statute which governs in matters of general concern. In this respect they argue that public parking is not a matter of local concern, but a general problem of state-wide interest. The trial court found on behalf of the plaintiffs and the defendant appeals. The parties will be referred to as they appeared in the trial court.

Article XII, Section 161 of the City Charter provides:

"CITY MAY OWN UTILITIES.

The City of Ponca City shall have power:

(a) CITY MAY ENGAGE IN PUBLIC SERVICE; To buy or construct, own, maintain, extend and operate a system or systems of waterworks, gas or electric lighting plants, telephones, street cars and sewers, or any other public service or enterprise that may be approved by a majority of the qualified voters of the City, voting therefor, at any regular election for City Offices, or at a special election called for that purpose in accordance with the provisions of the Charter; and may demand and receive compensation for such service furnished for private purposes, and shall have power to condemn the property of any person, firm, or corporation for the purpose of operating and maintaining any such utility, and for distributing such service throughout the City or any portion thereof, but in such condemnation proceedings no allowance shall be made for the value of any franchise and only the actual physical assets shall be purchased by the City.

"(b) CITY MAY ACQUIRE, OWN AND SELL PROPERTY. To acquire or own within or without the City limits either by purchase, donation, bequest or otherwise, all property it may need for any municipal purposes whatever; and all necessary rights of way thereof, and shall also have the power to sell and dispose of the same, except as otherwise provided in the Charter."

Defendant argues that under the provisions of Section 161 of the Charter set out above, it is necessary for the City to "buy or construct" a public service or enterprise to come within the section. The defendant alleges that it does not plan to buy or construct the facility but only to buy the land upon which the facility is to be located, therefore Section 161 does not apply. This argument is without merit as the resolutions enacted by the Board of Commissioners authorizing the establishment of a municipal parking facility benefit district is at the direction of the de-

fendant. It is responsible for precipitating and directing the action by which the parking facility will be bought and constructed. This action is clearly within the meaning of Section 161.

■ Defendant further asserts the inapplicability of Section 161 for the reason the City will not "maintain, extend and operate" the parking facility, but that it will be operated and managed by the trust authority. There is ample evidence that the City will perform these functions as the trial judge found. We find in the "Lease Agreement and Operating and Maintenance Contract", the following covenant and agreement by the defendant City with the trustees:

"From the amount hereinafter agreed to be paid to the City by the Trustees, or from other money paid to the City by the Trustees, or from other money paid to the City by the Trustees, to maintain and operate in first-class condition, keep in good repair, make necessary replacements of and insure the facilities and protect and hold the trustees harmless for damages due to injury to persons or property arising by reason of the City's operation, maintenance, repair and replacement of the facilities. All major repairs and replacements of the facilities shall be approved by the Trustees."

This provision obligates the City to "maintain, extend and operate" the parking facility and brings it within the provisions of Section 161.

■ Defendant also maintains that Section 161 does not apply because the parking facility is not a public utility. It cites cases under Article 10, Section 27, of the Constitution, for the proposition that a city must be the exclusive owner before a facility can be classified as a public utility. Defendant argues that because it has a lease agreement with the trust authority it cannot be the exclusive owner of the parking facility. No cases are cited for this proposition and our research has found none. It is admitted that there will be no other owner of the parking facility. The

fact that the City has a lease agreement with the trust does not destroy its exclusive ownership.

Defendant further maintains that the provisions of the state statutes apply and not the Charter provision for the reason that the municipal parking facility is a matter of general or state-wide concern and not purely local or municipal concern.

■ It is clearly settled in this jurisdiction that a city charter which is adopted and approved in accordance with the Constitution and which is not inconsistent therewith becomes the organic law of the city and supersedes all laws of the state in conflict therewith insofar as such laws relate to merely municipal matters. Lee v. Norick, Okl., 447 P.2d 1015.

The municipal parking facility is to be a downtown Ponca City parking lot in accordance with Resolution No. 2478 of the Board of Commissioners of the City of Ponca City. By the same resolution the size of the benefit district that would be assessed would include the area within one block walking distance of the facility. It is true that automobiles may travel over the state or nation as pointed out by the defendant, but it does not follow that all matters pertaining to them are of state-wide concern. We have held that the assessment and collection of paving taxes is a matter of local concern. Berry v. McCormick, 91 Okl. 211, 217 P. 392. The regulation of parking on city streets has been held to be a matter for the determination of local authority. Ex parte Duncan, 179 Okl. 355, 65 P.2d 1015. Although this case is not one involving conflict between a state statute and a provision of a city charter, it does indicate that parking of automobiles is a local problem.

■ In Pitts v. Allen, 138 Okl. 295, 281 P. 126, we held that a city charter provision prevails over a conflicting state statute in a case involving a public utility. In the body of the opinion we said, "(b)ut the right of the city of Muskogee to engage in a business enterprise and to construct municipally-owned utilities and to fix the

price for its commodities depends upon its charter provisions, provided such charter provisions are not in conflict with any provision of the Constitution, and not upon the provisions of the statute."

Inasmuch as parking on the street has been considered a matter of local concern, it would seem a fortiori that off street parking would be of local concern. The assessment district covers an area that is within a block's walking distance of the parking facility, as reportedly this is the area that the parking facility would accommodate. Downtown off-street parking of motor vehicles serves to accommodate the shoppers and shopkeepers of the area, which would not appear to be a matter of state-wide concern. If the state has delegated the authority to control on-street parking to the City it would seem that the question of off-street parking would also be one of local concern. The lower court in its judgment found that the matter of off-street parking is one of local concern within the provision of Section 161 of the City Charter and this court sees no valid reason to overturn that holding.

The judgment of the trial court holds that the establishment of a municipal parking facility comes under the provisions of Section 161 of the Ponca City Charter and before the City of Ponca City may proceed under the provisions of 11 O.S. Sections 546.1 to 546.14, approval of the establishment of such municipal parking facility must be received by a majority of the qualified voters of the City, voting therefor, at an election called in accordance with the provisions of the City Charter.

We find no error in this holding and therefore the judgment is affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, JACKSON, and McINERNEY, JJ., concur.

BLACKBIRD and LAVENDER, JJ., concur in results.