The Attorney General is in receipt of your request for an opinion on the following question: "Is a federally insured savings and loan association a proper depository for city funds even though the charter for the city directs that all funds be deposited in 'banks'?" Under the provisions of 62 O.S. 348.1 [62-348.1] (1974), the lawful treasurer of any city or town "when authorized by the appropriate governing body" is authorized to invest monies in his custody in the following manner: (a) . . . direct obligations of the United States Government to the payment of which the full faith and credit of the Government of the United States or of the State of Oklahoma is pledged; or (b) certificates of deposits of banks and trust companies when such certificates of deposits are secured by acceptable collateral as in the deposit of other public monies; or (c) in savings accounts or savings certificates of savings and loan associations, banks and trusts companies, to the extent that such accounts or certificates are fully insured by the Federal Savings and Loan Insurance Corporation, or the Federal Deposit Insurance Corporation . . ." The language of 62 O.S. 348.1 [62-348.1] permits alternative forms of investment but all forms described are subject to the requirement that the mode of investment be "authorized by the appropriate governing body." The language of the statute clearly indicates a discretion of the municipal governing board in the form that the investment of funds of the city may take. Where the charter of a city directs that all funds be deposited in "banks," such a requirement is a part of the organic law of the city and supersedes all laws of the State in conflict therewith insofar as such laws relate merely to municipal affairs. Ponca City v. Edwards, Okl., 460 P.2d 418
(1969). Whether the identification of a classification of depository for municipal funds is a matter of municipal or statewide concern does not appear to have been decided by the appellate courts of Oklahoma. By enactment of Section 348.1, the Oklahoma Legislature has directed that the deposits of such funds be protected in certain particulars, including insurance of accounts where the deposits are placed with banking or savings and loan institutions. The Legislature has left to the municipal governing board the discretion as to which form of financial institution may be utilized. A fed rally insured savings and loan association is a proper depository for city funds under the provisions of 62 O.S. 348.1 [62-348.1] but whether federally insured banks or savings and loan associations are to be the depository of municipal funds is a matter left to the discretion of the appropriate municipal authority. It is therefore the official opinion of the Attorney General that: 1. A federally insured savings and loan association is a proper depository for municipal funds under the provisions of 62 O.S. 348.1 [62-348.1] (1974). 2. The designation of a specific depository for municipal funds, being merely a municipal matter, is a matter left to the discretion of municipal authorities under applicable municipal law, provided that the depository specified meets the requirements of 62 O.S. 348.1 [62-348.1] (1974). (MANVILLE T. BUFORD) (ksg)