2011 OK CIV APP 5

**Ronnie SALLEE, individually, Plaintiff/Appellant,**

v.

**CITY OF OKLAHOMA CITY, Defendant/Appellee.**

**No. 107,513.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 3, 2010.

Kevin E. Hill, Homsey, Cooper, Hill & Associates, Oklahoma City, OK, for Plaintiff/Appellant.

Kenneth D. Jordan, Diane Lewis, Jami Blocker, Office of Municipal Counselor, Oklahoma City, OK, Defendant/Appellee.

1. Record (R.), p. 21.

DEBORAH B. BARNES, Judge.

¶ 1 Plaintiff/appellant Ronnie Sallee (Sallee) appeals the trial court's Final Order filed on August 13, 2009, denying his motion for a permanent restraining order and permanent injunction filed on May 4, 2009. Based on our review of the facts and applicable law, and for the reasons set forth below, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 Sallee is a firefighter for the Oklahoma City Fire Department. Sallee lives in Noble, Oklahoma, and on February 10, 2009, he was elected to the Noble School Board. By letter dated February 23, 2009, the Fire Chief of the Oklahoma City Fire Department, G. Keith Bryant, informed Sallee that he "cannot hold regular employment with the City and be an officer of the Noble School Board" because to do so violates "Article IV Section 8 of the Oklahoma City charter."[1] Article IV, § 8, of the Oklahoma City Charter (the Charter) provides:

> No person holding office or employment under the United States Government or the State of Oklahoma, notaries public excepted, or any other State, or municipality, shall hold any office or regular employment under this City of whatever kind or nature, except that a member of a Federal, County or State Advisory Board or Commission may hold office or serve on a City Board or Commission of this City.

The letter from the Fire Chief further states:

> In certain cases, the Oklahoma Supreme Court has determined that a school board/school system is a public corporation and is considered both a municipality and a political subdivision of the State of Oklahoma. Therefore, you cannot hold regular employment with the City and be an officer of the Noble School Board.
>
> You were previously advised at the January 20, 2009 Oklahoma City Council meeting that the [C]harter would be violated if you are sworn in or assume the duties of the elected school board position while remaining a regular full time City employee.

It is my understanding that you will be sworn into the Noble School Board on March 9, 2009. In order to avoid any action consistent with City and Department policy, please advise by March 9, 2009 whether you will continue your full-time employment as a firefighter with the City of Oklahoma City's Fire Department or serve as a member of the Noble School Board.

¶3 On March 3, 2009, Sallee filed a Petition naming the City of Oklahoma City as Defendant and requesting "the issuance of a temporary injunction, and temporary restraining order and ultimately a permanent injunction against the Defendant from terminating [Sallee's employment] due to [the Charter] relied upon by the Defendant," and requesting, further, that "the court enter an order finding that [the Charter] does not apply to [Sallee]."[2] On March 5, 2009, Sallee filed a motion requesting a temporary restraining order and temporary injunction and, following arguments by the parties heard by the trial court on the same date, the trial court granted Sallee's request. The trial court found "that [Sallee] can be sworn in as a Noble school board member and the Defendant cannot take any action against [Sallee] and [Sallee's] employment with the City of Oklahoma City until this matter has been litigated by the parties and ruled upon by this court."[3] In its Final Order, filed on August 13, 2009, following a hearing on Sallee's request for a permanent restraining order and permanent injunction, the trial court found "that a school board is a municipal corporation and is subject to the dual office and/or dual employment holding provisions in [the Charter]." Therefore, the trial court denied Sallee's request for a permanent restraining order and permanent injunction. From this Final Order, Sallee appeals.

## STANDARD OF REVIEW

¶4 Appellate review of a trial court's award or denial of a permanent in-junction is a matter of equitable concern. *City of Tulsa v. Raintree Estates I, Inc.,* 2007 OK CIV APP 41, ¶7, 162 P.3d 929, 933. Our review in this particular case of the trial court's denial of Sallee's motion for a permanent injunction is limited to one dispositive issue: whether the Charter forbids Sallee from holding a position on the Noble School Board while simultaneously holding regular employment as an Oklahoma City firefighter. This issue is one of statutory construction. Statutory construction is an issue of law subject to *de novo* review in the appellate court. *In the Matter of the Adoption of Baby Boy A,* 2010 OK 39, ¶20, 236 P.3d 116, 122.

## ANALYSIS

¶5 The Oklahoma Constitution states, in pertinent part, that a city with "more than two thousand inhabitants may frame a charter for its own government, consistent with and subject to the Constitution and laws of this State...." Okla. Const. Art. 18, § 3(a). "[S]uch charter provisions, when not inconsistent with the Constitution, supersede the statutes pertaining to municipal affairs, and thereby become[ ] the superior law in matters pertaining to municipal affairs." *Lee v. Norick,* 1968 OK 173, ¶15, 447 P.2d 1015, 1017–1018 (citation omitted). "Whenever a charter is in conflict with any law relating to municipalities in force at the time of the adoption and approval of the charter, the provisions of the charter shall prevail and shall operate as a repeal or suspension of the state law or laws to the extent of any conflict." 11 O.S.2001 § 13–109.[4]

¶6 In construing a provision of a city charter, statutory rules of construction are used. *Baughman v. Weicker,* 1929 OK 136, ¶47, 276 P. 208, 214. However, "[w]here the language of a statute *or ordinance* is plain and unambiguous and its meaning clear and

2. R., p. 2.

3. R., p. 6.

4. *See also, State of Oklahoma ex rel. Trimble v. City of Moore,* 1991 OK 97, ¶27, 818 P.2d 889, 898 ("'[s]ince the City is a charter municipality, which draws its legal vitality from Article 18, § 3(a), Okl. Const., and from the implementing Code provisions, § 13–101, the charter has the force of the City's fundamental law. Under the *'home rule'* doctrine, a city charter supersedes conflicting state law on matters of purely municipal concern.") (footnotes omitted).

no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed." *City of Bethany v. Hill,* 1973 OK 49, ¶ 8, 509 P.2d 1364, 1365 (emphasis added). The Oklahoma Supreme Court has recently stated:

> The fundamental rule of statutory construction is to ascertain and give effect to legislative intent. That intent is first divined from the language of a statute. If a statute is plain and unambiguous, it will not be subjected to judicial construction but will receive the interpretation and effect its language dictates. Only where the intent cannot be ascertained from a statute's text, as when ambiguity or conflict with other statutes is shown to exist, may rules of statutory construction be invoked. When possible, different provisions must be construed together to effect a harmonious whole and give intelligent effect to each. An absurd result cannot be presumed to have been intended by the drafters.

*Rogers v. Quiktrip Corp.,* 2010 OK 3, ¶ 11, 230 P.3d 853, 859 (footnotes omitted).

■ ¶ 7 Therefore, in our determination of whether the Charter forbids Sallee from holding a position on the Noble School Board while employed as an Oklahoma City firefighter, we look first to the language chosen by the framers. The Charter provides:

> No person holding office or employment under the United States Government or the State of Oklahoma, notaries public excepted, or any other State, or municipality, shall hold any office or regular employment under this City of whatever kind or nature, except that a member of a Federal, County or State Advisory Board or Commission may hold office or serve on a City Board or Commission of this City.[5]

The Charter includes City employment "of whatever kind or nature . . . ." Therefore, we find that Sallee's employment as a firefighter for the Oklahoma City Fire Department constitutes "employment under [the] City" pursuant to the Charter.

¶ 8 The more difficult question is whether Sallee's position on the Noble School Board constitutes "holding office or employment . . . under . . . the State of Oklahoma . . . ."[6] If so, then the language of the Charter (i.e., "[n]o person . . . shall hold any office or regular employment under this City . . . .") forbids Sallee from maintaining both his job as a firefighter and his position on the Noble School Board.

¶ 9 Sallee argues that a position on a school board in Oklahoma does not constitute holding office or employment under the State of Oklahoma. In support, Sallee cites to an opinion of the Oklahoma Attorney General, 2003 OK AG 17. However, the questions responded to by the Attorney General in that opinion, and his conclusion that an officer of a school district is not an officer of the State of Oklahoma, pertain to the language found in Art. 10, § 11 of the Oklahoma Constitution. According to the Attorney General, Art. 10, § 11 of the Oklahoma Constitution,[7]

---

5. We reject Sallee's argument that the Charter is penal in nature and therefore must be strictly construed. Although the Charter may force a person employed by the City of Oklahoma City (as stated by Sallee in his Brief-in-chief, p. 4) to "choose which position he or she wants to hold at the sacrifice of the other," this does not constitute a punishment. That is, it does not "impose[ ] a penalty and punishment for an offense of a public nature . . . ." *Quinn v. City of Tulsa,* 1989 OK 112, ¶ 44, 777 P.2d 1331, 1339. The Charter may impose a difficult choice, but it does not impose a penalty for a public offense.

6. The City of Oklahoma City and Sallee agree that a position on a school board does not constitute an office under a municipality pursuant to the Charter's language. However, we need not reach a determination on this issue because our analysis of whether a position on a school board

(i.e., on a board of education of a school district in Oklahoma) constitutes an office under the State of Oklahoma is dispositive.

7. Art. 10, § 11 of the Oklahoma Constitution provides:

> The receiving, directly or indirectly, by any officer of the State, or of any county, city, or town, or member or officer of the Legislature, of any interest, profit, or perquisites, arising from the use or loan of public funds in his hands, or moneys to be raised through his agency for State, city, town, district, or county purposes shall be deemed a felony. Said offense shall be punished as may be prescribed by law, a part of which punishment shall be disqualification to hold office.

unlike the Charter, is penal in nature and, therefore, is to be strictly construed against the State. Furthermore, the Charter is wholly distinguishable from Art. 10, § 11 of the Oklahoma Constitution. We must look to the specific language found in the Charter in order to determine the intent of its framers. If that language is plain and unambiguous, we must enforce the interpretation and effect its language dictates. *Rogers* at ¶ 11, 230 P.3d at 859.

¶ 10 As pointed out by the City of Oklahoma City in its answer brief, the Charter provides specific indications of what is intended by the language "holding office or employment ... under ... the State of Oklahoma...." That is, the Charter provides *exceptions* for "notaries public" and for "member[s] of a Federal, County or State Advisory Board or Commission...." But for these exceptions, "notaries public" and "member[s] of a Federal, County or State Advisory Board or Commission" would fall within the ambit of intended offices or employment under the State of Oklahoma. We find this to be the case because otherwise the framers of the Charter would have undertaken a vain and useless act by creating these exceptions, and courts are not to presume that a vain and useless act was undertaken in the promulgation of a statute (or, in this case, of a city charter). *Wylie v. Chesser,* 2007 OK 81, ¶ 19, 173 P.3d 64, 71. For this reason, we conclude that the ambit of the intended offices and employment under the State of Oklahoma encompasses such disparate and wide-ranging positions as "notaries public" and "member[s] of a Federal, County or State Advisory Board or Commission...."

¶ 11 Furthermore, the Oklahoma Statutes reveal that those holding positions on school boards operate as officials under Oklahoma law. Positions on school boards are products of the Oklahoma statutes; for example:

> The governing board of each school district in Oklahoma is hereby designated and shall hereafter be known as the board of education of such district. Except as otherwise provided in this section, the superintendent of schools appointed and employed by the board shall be the executive officer of said board and shall perform duties as said board directs.

70 O.S.2001 § 5–106. Title 70 O.S. Supp. 2009 § 5–117(A) states that "[t]he board of education of each school district shall have power to: ... 21. Perform all functions necessary to the administration of a school district in Oklahoma as specified in the Oklahoma School Code, and in addition thereto, those powers necessarily implied but not delegated by law *to any other agency or official* ...." (Emphasis added). Pursuant to the Oklahoma Statutes a school board performs mandatory governmental functions, and, pursuant to 70 O.S.2001 § 5–116, school board members take the following oath: " ... to the best of my ability ... I will faithfully discharge all of the duties pertaining to said *office* and obey the Constitution and laws of the United States and Oklahoma." (Emphasis added).

¶ 12 Because school board members hold office pursuant to Oklahoma law, and because of the wide ambit of intended offices and employment expressed in the Charter, we find that Sallee's position on the Noble School Board constitutes "holding office or employment ... under ... the State of Oklahoma" pursuant to the Charter.

## CONCLUSION

¶ 13 For the reasons set forth above, we find that article IV, § 8, of the Oklahoma City Charter forbids Sallee from holding a position on the Noble School Board while employed as an Oklahoma City firefighter. Therefore, we affirm the trial court's Final Order denying Sallee's motion for a permanent restraining order and permanent injunction.

¶ 14 **AFFIRMED.**

WISEMAN, C.J., and FISCHER, P.J., concur.