Dear Honorable Luton,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Are the provisions of 18 O.S. 1.175 (1981), which prohibit an Oklahoma corporation from making loans to its officers and directors, applicable to loans made by a savings and loan association to its officers and directors or to officers and directors of its holding company?
 2. If 18 O.S. 1.175 (1981) applies to loans made by savings and loan associations, may the loan still be made if the provisions of 18 O.S. 1.175a (1981) are complied with?
 3. If Oklahoma statutes bar loans from savings and loan associations to officers and directors, would federal regulations specifically authorizing said loans, preempt state law on that subject?
 I.
Your first question asks whether 18 O.S. 1.175 (19781) (a provision of the Oklahoma Business Corporation Act) is applicable to savings and loan associations. Title 18 O.S. 1.175 (1981) provides in pertinent part as follows:
 "a. No domestic corporation, or any subsidiary thereof, shall lend any of its funds, assets, or credit to any officer or director of such corporation, or of such subsidiary, directly or indirectly.
 "b. If any loan is made . . . by such corporation, or subsidiary, in violation of the foregoing provisions, all directors and officers of the corporation making the same or assenting thereto, shall, until repayment of such loan, be jointly and severally liable to such corporation and to its creditors for the debts of such corporation then existing or thereafter contracted; provided, that such liability shall be limited to the amount of such loan with interest."
The scope of the Oklahoma Business Corporation Act is succinctly stated at 18 O.S. 1.3 (1985) and provides as follows:
 "The provisions of the Business Corporation Act shall be applicable to every private corporation, profit or nonprofit, stock or nonstock, now existing or hereafter formed or domesticated under the laws of this state, and all securities thereof, except and only to the extent that such corporation be expressly excluded from the operation of the Business Corporation Act or portions hereof, or there be special provisions in relation to any class of corporations inconsistent with provisions of the Business Corporation Act, whereupon such special provisions shall govern as to such class of corporations."
Savings and loan associations are governed by the Oklahoma Savings and Loan Code of 1970. 18 O.S. 381.1 (1981) et seq. No provision of this Code can be found which conflicts with the general prohibition of corporate loans to officers and directors found in 18 O.S. 1.175 (1981). On the contrary, several provisions of the Savings and Loan Code indicate the intent of the Legislature that a savings and loan association should be treated as any other corporation unless a specific provision in the Savings and Loan Code provides otherwise. For example, savings and loan associations must file articles of incorporation with the Secretary of State. 18 O.S. 381.16 (1981). This is consistent with the filing requirements of ordinary corporations. 18 O.S. 1.208 (1981). Title 18O.S. 381.21 (1981) refers to the "corporate existence" of a savings and loan association. Title 18 O.S. 381.22 (1981) refers to the "corporate name" of the savings and loan association. The Oklahoma Savings and Loan Code also appears in Title 18 which is entitled "Corporations." Everything in the Oklahoma Savings and Loan Code indicates that the general provisions of the Oklahoma Business Corporation Act are applicable to savings and loan associations since they are merely a special type of corporate entity. A previous Attorney General Opinion inferentially held that unless specific provisions of the Savings and Loan Code applied, the general provisions of the Business Corporation Act would apply to savings and loan associations. A.G. Opin. No. 71-203.
The prohibition against a corporation loaning money to its officers and directors, the officers and directors of a holding company or the officers and directors of a subsidiary of the corporation found in 18O.S. 1.175 (1981), applies to savings and loan associations.
 II.
You next ask whether a loan otherwise prohibited by 18 O.S. 1.175
(1981) could be made by complying with 18 O.S. 1.175a (1981). Section 1.175a allows corporations to make contracts with officers and directors under certain circumstances. By way of summary, such a contract could be made if full disclosure of the officer's or director's interest in the transaction was made to the board of directors and if the disinterested officers and directors voted to authorize the contract. The contract may also be authorized if full disclosure is made to shareholders and the shareholders approve the contract. Finally, if the contract or transaction is simply fair to the corporation at the time it is authorized or ratified by the board of directors or the shareholders it will be authorized. The question of whether 18 O.S. 1.175a is even applicable, however, may be answered by looking to the first sentence of the statute which provides as follows:
 "a. Subject to the provisions of Section 1.175 of this title, no contract or transaction between a corporation and one or more of its directors or officers, shall be void or voidable solely for this reason . . ." (Emphasis added).
This limiting language at the beginning of the statute clearly indicates the Legislature's intent that contracts other than loans may be authorized under the procedures of Section 18 O.S. 1.175a. The California Supreme Court discussed the meaning of similar "subject to" language that appeared in the California Constitution in Davies v. City of Los Angeles, 24 P.771 (Cal. 1890). This dealt with the construction of the California Constitutional provision dealing with home rule charter municipalities which said that such a charter must be "consistent with and subject to the laws of this state." Id. at 773. The Court succinctly construed this language as follows:
 "The language of this latter section is plain and unambiguous, and cannot be explained away by any reasoning, however ingenious. It makes all charters framed or adopted under the constitution subject to and controllable by general laws. [citation omitted]." 24 P. at 773.
When a statute or phrase is "subject to" an identified statute or object, it conveys the intent to make that identified statute or object controlling. See City of Wewoka v. Rodman, 46 P.2d 334
(Okla. 1935). Using this same analysis,18 O.S. 1.175 (1981) would control over the general provisions of 18 O.S. 1.175a (1981).
A corporate loan otherwise prohibited by 18 O.S. 1.175 (1981) may not be authorized by using the provisions of 18 O.S. 1.175a (1981).
 III.
Your final question asks whether federal regulations governing savings and loan associations which allow certain loans to be made to certain officers and directors, would preempt the provisions of 18 O.S. 1.175
(1981) to the contrary. This question will be specifically limited to federally chartered savings and loans located in Oklahoma and to state chartered savings and loans whose accounts are insured by the Federal Savings and Loan Insurance Corporation (FSLIC).
The FSLIC is under the complete direction of the Federal Home Loan Bank Board (FHLBB). The FHLBB regulates federally chartered savings and loan associations and savings banks. The FHLBB has been given express congressional authority to promulgate rules and regulations for the operation of the FSLIC. 12 U.S.C.A. 1725(a).
Suffice it to say that there are comprehensive rules and regulations governing all institutions whose deposits are insured by the FSLIC. These regulations apply to "insured institutions." "Insured Institutions" include all federally or state chartered savings and loan associations whose deposits are insured by the Federal Savings and Loan Insurance Corporation. 12 C.F.R. § 561.1 (1985). The officers and directors of the savings and loan associations and the officers and directors of the holding company of the savings and loan associations are considered to be ''affiliated persons" under these rules and regulations.12 C.F.R. § 561.29 (1985). These regulations specifically authorize savings and loan associations to make loans to "affiliated persons."12 C.F.R. § 563.43 (1985). This regulation allows a savings and loan to make such a loan if the loan is done in the ordinary course of business at rates and terms available to the general public. Certain designated loans require specific disclosure requirements. These loans include a typical home loan secured by a mortgage on the residence of the affiliated person, a loan secured by a savings account of the affiliated person maintained at the institution and certain home improvement loans. Most of these loans also require specific disclosure to be made to the board of directors and for the board of directors to approve the loan in advance by a duly adopted resolution.
In deciding whether these federal regulations have a preemptive effect on state law prohibiting such loans, we are guided by several well established principles. Under United States Constitution Article VI, c. 2, known as the "Supremacy Clause," state law may be preempted by federal statutes to the contrary in three circumstances. State law may be preempted if federal law expressly states Congress' intention to preempt State law on a given subject. Capital Cities Cable, Inc. v. Crisp, 467 U.S. ___, 104 S.Ct. 2694, 81 L.Ed.2d 580 (1984). If Congress adopts comprehensive laws so pervasive that it "occupies the field," state laws in the field so occupied will fall. Silkwood v. Kerr-McGee Corporation,464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984). Finally, if federal and state law conflict so that a party is faced with the impossibility of following both the state and federal law, the federal law will control over the contrary state law. Fidelity Federal Savings and LoanAssociation v. De La Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664
(1982). Federal regulations have no less preemptive effect than federal statutes. Fidelity, supra.
While we are tempted to see no conflict in a statute which forbids corporate loans to officers and directors with a federal regulation which simply provides a method to make such loans, a recent decision of the Tenth Circuit Court of Appeals mandates a different result. In the case of Federal Home Loan Bank Board v. Empie, 778 F.2d 1447 (10th Cir. 1985), the FHLBB brought an action against the State Banking Department and the Attorney General to prevent the State from enforcing its ban on savings and loan institutions using the term "bank" in advertisements. The federal regulation at issue in that case allowed, but did not mandate, the use of the word bank in advertisements of a savings and loan institution. The State argued in that case that there was no conflict. In finding that there indeed was a conflict the Tenth Circuit held as follows:
 "We therefore read this Oklahoma statute as expressly forbidding something that the federal regulations expressly permit: federally chartered savings institutions' use in advertising, in at least some instances, of several forms of the word `bank.' " 778 F.2d at 1454.
The Tenth Circuit completely relied on the United States Supreme Court Opinion of Fidelity Federal Savings and Loan Association v. De La Cuesta, supra. In that case the United States Supreme Court found that California's prohibition against "due on sale clauses" in mortgages was preempted by a federal regulation which specifically allowed for due on sale clauses. Just as the courts ruled in these two cases, we are compelled to find that a conflict exists between 18 O.S. 1.175 (1981) and12 C.F.R. § 563.43 (1985) which authorizes savings and loan associations to make loans under certain limited circumstances to officers and directors of the association or holding company of the association.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Title 18 O.S. 1.175 (1981), which forbids corporate loans to officers and directors of the corporation or to officers and directors of the holding company of the corporation, applies to savings and loan associations formed and incorporated under the laws of Oklahoma. However, as applied to federally or state chartered savings and loan institutions with deposits insured by the Federal Savings and Loan Insurance Corporation (FSLIC), 18 O.S. 1.175 is preempted by 12 C.F.R. § 563.43 (1985). The State statute conflicts with this federal regulation and is preempted since the federal regulation specifically authorizes loans made by a savings and loan institution to officers and directors of the association or its parent company.
 2. Title 18 O.S. 1.175a (1981), which authorizes corporations to make certain contracts with officers and directors of the corporation or a parent company, is inapplicable to corporate loans since 1.175a specifically provides that it is "subject to" 18 O.S. 1.175.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER, ASSISTANT ATTORNEY GENERAL